UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD G. WILSON,<br><br>Petitioner,<br><br>v.<br><br>CHANCE ANDES,<br><br>Respondent. | Case No. 24-cv-06045-RFL<br><br>**ORDER FOR RESPONDENT TO SHOW CAUSE**<br><br>Re: Dkt. No. 2 |

Petitioner, a state prisoner proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in San Mateo County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d).

### BACKGROUND

A jury found Petitioner guilty of assault with a firearm and found true the allegations of personal use of a firearm and infliction of great bodily injury. *People v. Wilson*, No. A157211, 2021 WL 1556651, at *1 (Cal. Ct. App. April 21, 2021). Petitioner was sentenced to a prison term of 11 years. *Id*. at *2. The California Court of Appeal affirmed the conviction. *Id*. at *1. The California Supreme Court denied review. Petition at 3. Petitioner's habeas petitions to the San Mateo County Superior Court, the California Court of Appeal and the California Supreme Court were denied. *Id*. at 4.

### DISCUSSION

A. <u>Standard of Review</u>

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

1

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

B.     Legal Claims

As grounds for federal habeas relief, Petitioner asserts that: (1) the prosecutor committed misconduct during cross examination of a witness and during closing argument; (2) there was improper communication between the prosecution's chief witness and a juror outside of the courtroom and other jurors failed to notify the trial court; and (3) trial counsel was ineffective for failing to object to the prosecutorial misconduct, for failing to inquire into the juror misconduct allegations and for not calling witnesses regarding Petitioner's hip-replacement and limited mobility.  Liberally construed, these claims are sufficient to require a response.

## CONCLUSION

1.     The motion to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.  The Clerk shall serve electronically a copy of this order upon Respondent and Respondent's attorney, the Attorney General of the State of California, at the following email addresses: SFAWTParalegals@doj.ca.gov.  Respondent can view the petition on the electronic docket (Dkt. No. 1).  The Clerk shall serve by mail a copy of this order on Petitioner.

2.     On or before **December 6, 2024**, Respondent shall file with the Court and serve on Petitioner an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on Petitioner's cognizable claims. Respondent shall file with the Answer and serve on Petitioner a copy of all portions of the state trial record that previously have been transcribed and that are

relevant to a determination of the issues presented by the Petition.

3. If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent's counsel **within twenty-eight (28) days** of the date the Answer is filed.

4. In lieu of an Answer, Respondent may file, on or before **December 6, 2024**, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an Opposition or statement of non-opposition **within twenty-eight (28) days** of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a Reply **within fourteen (14) days** of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so will result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: October 4, 2024

_____
RITA F. LIN
United States District Judge